The TEXAS PARKS AND WILDLIFE DEPARTMENT, Doug Hammit, and Marvin C. Wills, Jr., Petitioners,

v.

E.E. LOWREY REALTY, LTD. d/b/a Gatesville Storage and The Estate of E.E. Lowrey, Respondents.

No. 05–0157.

Supreme Court of Texas.

Sept. 28, 2007.

Greg Abbott, Attorney General of TX, Barry Ross McBee, Ryan D. Clinton, Rafael Edward Cruz, Edward D. Burbach, Norberto Flores, Office of Atty. Gen., Douglas Fohn, Assistant Atty. Gen., Kent C. Sullivan, First Assistant Atty. Gen., Elsa Giron Nava, Office of Atty. Gen., Austin, TX, for Petitioner.

Robert F. Salter, John R. Lee, Gatesville, TX, for Respondent.

PER CURIAM.

After a fire damaged its storage facility, E.E. Lowrey Realty, Ltd. d/b/a Gatesville Storage, along with the Estate of E.E. Lowrey (collectively, "Lowrey"), sued the Texas Parks and Wildlife Department and two of its employees, Marvin C. Wills, Jr., a game warden, and Doug Hammitt, a field radio technician. Lowrey alleged negligence claims relating to Wills's and Hammitt's installation of a radio, siren, and lights on a TPWD patrol boat stored in Lowrey's facility, and alleged that TPWD breached its storage contract by refusing to pay for damages caused by the fire. TPWD and its employees filed a joint plea to the jurisdiction, contending that Lowrey's claims were barred by sovereign immunity. The trial court denied the plea, and TPWD and its employees appealed.

In their appeal to this Court, TPWD and its employees first argue that section 51.014(a) of the Texas Civil Practice and Remedies Code authorizes interlocutory review of a state entity's jurisdictional plea on claims brought against government officials in their official capacity.[1] The court of appeals held that the right to interlocutory appeal afforded under Section 51.014(a)(8) does not extend to an employee of a governmental

---

1. The parties disagree about whether Lowrey brought claims against Wills and Hammitt in their individual capacities. However, Lowrey did not object to TPWD's and the court of appeals' characterization of its claims as being against Wills and Hammitt in their official capacities. Lowrey thus failed to preserve any argument that it also brought claims against Wills and Hammitt in their individual capacities. For that reason, and because the issues briefed address only claims made against governmental officials in their official capacities, we do not address Lowrey's argument that its suit was filed against Wills and Hammitt in their individual capacities.

unit, even when the employee is a code-fendant with the governmental unit. *Texas Parks and Wildlife Dept. v. E.E. Lowrey Realty, Ltd.*, 155 S.W.3d 456, 458 (Tex.App.-Waco 2005, pet. granted). We disagree. Section 51.014(a)(8) vests appellate courts with jurisdiction to consider an interlocutory appeal of a jurisdictional plea brought by employees of a government unit. *Tex. A & M Univ. Sys. v. Koseoglu*, 233 S.W.3d 835, 840 (Tex.2007). We reverse the court of appeals' dismissal of the appeals filed by Wills and Hammitt and, rendering the judgment the court of appeals should have rendered, dismiss Lowrey's claims against Wills and Hammitt.

We next consider whether the court of appeals erroneously remanded Lowrey's claims against TPWD to the trial court for additional proceedings. The court of appeals determined that Lowrey's negligence and breach of contract claims fell outside any waiver of sovereign immunity and remanded the jurisdictionally defective claims to provide Lowrey an opportunity to amend its pleadings before the case would be dismissed with prejudice. 155 S.W.3d at 459 (citing *Harris County v. Sykes*, 136 S.W.3d 635, 639 (Tex.2004)). Incurably defective claims, however, should not be remanded because amending the pleadings would serve no legitimate purpose. *Koseoglu*, 233 S.W.3d at 846. Lowrey, who did not obtain legislative consent to sue under chapter 107 of the Texas Civil Practice and Remedies Code, cannot pursue a breach of contract action against the State. *See id.* at 840.

The Texas Tort Claims Act provides a limited waiver of sovereign immunity when property damage arose "from the operation or use of a motor-driven vehicle or motor-driven equipment." Tex. Civ. Prac. Rem.Code § 101.021(1)(A). Lowrey argued in its jurisdictional plea that the fire may have been caused by an electrical fault in the boat's wiring, which was "use" of a motor vehicle sufficient to invoke the Act's waiver. We agree with the court of appeals, however, that Lowrey has not met its burden of showing a sufficient nexus between the operation or use of a motor vehicle and the injury, which is required for a waiver of sovereign immunity. *See Dallas Area Rapid Transit v. Whitley*, 104 S.W.3d 540, 543 (Tex.2003); *Tex. Nat. Res. Conservation Com'n v. White*, 46 S.W.3d 864, 869 (Tex.2001). As the court of appeals noted, Lowrey's petition does not allege operation or use of the boat, or any other item, as a vehicle or motor-driven equipment. Lowrey's negligence claims, which are based on an allegation that Wills and Hammitt left the premises while the boat's electrical wiring was in a dangerous condition, relate not to the active use or operation of a motor vehicle or motor-driven equipment but to the condition of state property. *See Dallas County Mental Health & Mental Retardation v. Bossley*, 968 S.W.2d 339, 343 (Tex.1998) (noting that property does not cause injury for purposes of the Act's waiver if it merely creates "the condition that makes the injury possible"); *LeLeaux v. Hamshire–Fannett Indep. Sch. Dist.*, 835 S.W.2d 49, 51 (Tex.1992) (concluding that a parked and empty school bus was not in "use" for purposes of the Act). All parties agree that Wills and Hammitt were not present at the storage facility when the property damage occurred. When an injury is caused by a property condition, the State's liability is limited. *See* Tex. Civ. Prac. Rem.Code § 101.021. In those circumstances, a claimant can recover damages arising only from personal injury or death. *Id.* § 101.021(2). Thus, the jurisdictional defect in Lowrey's negligence claims cannot be cured by allowing Lowrey to plead additional facts. Similarly, mere-

ly pleading more facts in support of Lowrey's breach of contract claim will not overcome TPWD's immunity from suit.[2] *See Koseoglu,* 233 S.W.3d at 840. We therefore reverse the court of appeals' remand order and dismiss Lowrey's claims against TPWD.

Accordingly, we grant the petition for review, and without hearing oral argument, *see* Tex.R.App. P. 59. 1, we reverse the court of appeals' judgment with respect to claims filed against Wills and Hammitt in their official capacities and render judgment that those claims be dismissed. We also reverse the portion of the court of appeals' judgment remanding claims against TPWD and render judgment that those claims be dismissed.

---

**2.** In 1999, the Legislature enacted administrative procedures to resolve breach of contract suits against the State. Tex. Gov't Code §§ 2260.001–.108; *Gen. Servs. Comm'n v. Little-Tex Insulation Co.,* 39 S.W.3d 591, 595 (Tex.2001). Those procedures apply to claims pending or arising on or after August 30, 1999, the effective date of the statutory enactment. *Little-Tex,* 39 S.W.3d at 597. In this case, the fire occurred on May 30, 1999, before the effective date of the administrative procedures. Therefore, Lowrey could only pursue a breach of contract claim against the State if he first obtained legislative consent under chapter 107 of the Texas Civil Practice and Remedies Code. *See Koseoglu,* 233 S.W.3d at 840; *Little-Tex,* 39 S.W.3d at 597.