

# Fourth Court of Appeals
## San Antonio, Texas

## OPINION

No. 04-13-00364-CV

**SAN ANTONIO WATER SYSTEM**,
Appellant

v.

Robert **OVERBY** and Teresa Overby,
Appellees

From the 225th Judicial District Court, Bexar County, Texas
Trial Court No. 2008-CI-02799
Honorable Martha B. Tanner, Judge Presiding

Opinion by:     Patricia O. Alvarez, Justice

Sitting:        Sandee Bryan Marion, Justice
                Marialyn Barnard, Justice
                Patricia O. Alvarez, Justice

Delivered and Filed:  March 19, 2014

REVERSED AND RENDERED

Appellees Robert and Teresa Overby sued San Antonio Water System (SAWS) and other

defendants for recurring flooding that damaged their yard and home. In response, SAWS asserted

governmental immunity in a plea to the jurisdiction. The trial court denied SAWS's plea, and

SAWS filed this interlocutory appeal. Because the evidence conclusively proves SAWS's

governmental immunity was not waived, we reverse the trial court's order and render judgment

that the Overbys take nothing from SAWS on their taking and nuisance claims.

## BACKGROUND

The Overbys' home in San Antonio, Bexar County, Texas has an alley that runs behind it. Over a period of several years, their yard and home were flooded by rainwater and sewage. After their complaints to SAWS and others remained unresolved, the Overbys sued multiple defendants including SAWS. The Overbys allege SAWS knew its maintenance of the sewer system, including the alley's surface over the sewer system, caused rainwater to damage their yard and home. They also allege that SAWS knew its failure to use proper manhole covers caused the sewer system to overflow and deposit fecal matter across their yard. The Overbys assert causes of action for taking, negligence, and nuisance. They also included a declaratory judgment action which asked the court to declare which defendant was responsible for the condition of the alley.

Asserting governmental immunity, SAWS filed its Plea to the Jurisdiction. The trial court granted it in part, and dismissed with prejudice the Overbys' declaratory judgment action and their negligence claim. After more discovery, SAWS filed its Second Plea to the Jurisdiction. The trial court denied SAWS's second plea,[1] and SAWS sought this interlocutory appeal. SAWS again asserts its governmental immunity and insists the Overbys' taking and nuisance claims fail as a matter of law.

## STANDARD OF REVIEW

Governmental immunity is a common-law doctrine that extends immunity from suit and liability to governmental entities performing governmental functions. *City of Galveston v. State*,

---

[1] SAWS filed its Second Plea to the Jurisdiction on March 4, 2013; the trial court denied the plea in its April 7, 2013 order. Although the order is titled Order Denying San Antonio Water System's Motion for Summary Judgment and Plea to the Jurisdiction, the appellate record does not show that SAWS filed a motion for summary judgment, and our appellate jurisdiction is limited to the denial of the plea to the jurisdiction. *See* TEX. CIV. PRAC. & REM. CODE ANN. § 51.014(a)(8) (West Supp. 2013) (authorizing an interlocutory appeal when a trial court "denies a plea to the jurisdiction by a governmental unit"); *Tex. A & M Univ. Sys. v. Koseoglu*, 233 S.W.3d 835, 841 (Tex. 2007) (reiterating "the general rule that only final judgments are appealable" but recognizing that section 51.014(a) authorizes certain interlocutory appeals).

217 S.W.3d 466, 469 (Tex. 2007); *Ben Bolt–Palito Blanco Consol. Indep. Sch. Dist. v. Tex. Political Subdivisions Prop./Cas. Joint Self–Ins. Fund*, 212 S.W.3d 320, 324 (Tex. 2006). A governmental entity may raise its immunity from suit in a plea to the jurisdiction. *See Tex. Dep't of Parks & Wildlife v. Miranda*, 133 S.W.3d 217, 225–26 (Tex. 2004). We review a plea to the jurisdiction similarly to a traditional summary judgment: "[W]e take as true all evidence favorable to the nonmovant [and] indulge every reasonable inference and resolve any doubts in the nonmovant's favor." *Id.* at 228 (citation omitted). If the relevant evidence conclusively proves the governmental entity's immunity was not waived as to a claim, the trial court has no subject matter jurisdiction to try that claim. *See id.* at 227–28; *see also Harris Cnty. v. Sykes*, 136 S.W.3d 635, 638 (Tex. 2004).

## ANALYSIS

SAWS asserts it is shielded by governmental immunity, its immunity was not waived, and the trial court should have granted its plea because the evidence conclusively proves there are no constitutional or statutory waivers of its immunity from suit. We begin by examining SAWS's Second Plea to the Jurisdiction.

### A.    Challenge to Jurisdictional Facts

In its Second Plea to the Jurisdiction, SAWS challenges the existence of jurisdictional facts: it contends the facts the Overbys pled fail to invoke any constitutional or statutory waiver of immunity. *See Miranda*, 133 S.W.3d at 227. Therefore, we examine the jurisdictional facts to determine whether the evidence conclusively decides, or raises a fact issue on, whether SAWS has governmental immunity and its immunity has been waived. *See Thomas v. Long*, 207 S.W.3d 334, 338–39 (Tex. 2006) (recognizing that a plea to the jurisdiction is evaluated on a claim-by-claim basis); *see also Heckman v. Williamson Cnty.*, 369 S.W.3d 137, 145 (Tex. 2012) (same).

If SAWS has governmental immunity and the evidence conclusively proves SAWS's immunity was not waived as to either of the Overbys' claims, then the trial court erred by denying SAWS's second plea to the jurisdiction. *See Thomas*, 207 S.W.3d at 338–39. We first determine whether SAWS is shielded by governmental immunity.

## B.    SAWS's Immunity

SAWS asserts it is entitled to governmental immunity. *See City of Galveston*, 217 S.W.3d at 469. The City of San Antonio is a political subdivision of the state; as the City's agent, SAWS is generally entitled to governmental immunity for its performance of governmental functions. *Zacharie v. City of San Antonio*, 952 S.W.2d 56, 59 (Tex. App.—San Antonio 1997, no writ). One governmental function SAWS performs is sewer service. *See* TEX. CIV. PRAC. & REM. CODE ANN. § 101.0215(32) (West Supp. 2013) (designating "water and sewer service" as governmental functions); *City of Dall. v. Jennings*, 142 S.W.3d 310, 315 (Tex. 2004) (recognizing same). Nevertheless, SAWS's immunity may be waived by the constitution or by statute. *See City of Dall. v. VSC, LLC*, 347 S.W.3d 231, 236 (Tex. 2011); *Jennings*, 142 S.W.3d at 313–14. Therefore, we review the evidence for facts relevant to constitutional or statutory waivers. *See Miranda*, 133 S.W.3d at 227–28.

## C.    Taking Claim

SAWS's immunity may be waived by the takings clause of the Texas Constitution. *See* TEX. CONST. art. I, § 17; *VSC, LLC*, 347 S.W.3d at 236; *Jennings*, 142 S.W.3d at 315.

### 1.    *Applicable Law*

The constitution's takings clause prohibits a governmental entity from exercising its governmental powers to take, damage, or destroy a person's property without either providing adequate compensation or obtaining the owner's consent. *See* TEX. CONST. art. I, § 17; *Gen. Servs. Comm'n v. Little-Tex Insulation Co.*, 39 S.W.3d 591, 598 (Tex. 2001); *see also Jennings*, 142

S.W.3d at 313–14. In effect, the takings clause waives governmental immunity for certain taking claims.[2] *VSC, LLC*, 347 S.W.3d at 236; *State v. Holland*, 221 S.W.3d 639, 643 (Tex. 2007). To prevail on a taking claim, the plaintiff must prove the "governmental actor acted intentionally to take or damage property for a public use." *Holland*, 221 S.W.3d at 643; *accord Little-Tex*, 39 S.W.3d at 598. Specifically, the plaintiff must prove

> the governmental entity physically damage[d] [the plaintiff's] property in order to confer a public benefit . . . [and] (1) [knew] that [its] specific act [was] causing identifiable harm; or (2) [knew] that the specific property damage [was] substantially certain to result from an authorized government action—that is, that the damage [was] "necessarily an incident to, or necessarily a consequential result of" the government's action.

*Jennings*, 142 S.W.3d at 314; *accord City of San Antonio v. Pollock*, 284 S.W.3d 809, 821 (Tex. 2009). Evidence of the governmental entity's failure to avoid preventable damage may be evidence of negligence, but it is not necessarily evidence of the entity's intent to damage the plaintiff's property. *See Pollock*, 284 S.W.3d at 821; *Jennings*, 142 S.W.3d at 314.

### 2. *No Requisite Intent*

For their taking claim, the Overbys complain that SAWS maintained the sewer system in the alley for public use and SAWS knew the "the manner in which they have gra[d]ed the alley [has] and would cause flooding into the [Overbys'] yard." In Robert Overby's deposition, he testified that "if it was a heavy rain, [water] would come in [to his yard] from the alley. If it wasn't a heavy rain, [it would not]." Accepting the Overbys' evidence as true and making reasonable inferences in their favor, we assume SAWS knew its decision not to change the grade of the alley could result in flood damage to the Overbys' property in case of a heavy rain.

---

[2] The Overbys claim their property was damaged not taken. We recognize that a taking claim is separate from a damaging claim, but we use the term "taking" as the parties have—to address the Overbys' claim for damage to their property. *See Jennings*, 142 S.W.3d at 313 n.2.

An analogous situation occurred in *City of San Antonio v. Pollock. See Pollock*, 284 S.W.3d at 812–15. In *Pollock*, the plaintiffs complained that the City committed a compensable taking of their property because the City knew that migration of methane and benzene gases onto the Pollock's property from the City's landfill was substantially certain to damage their property. *Id.* at 821. The court rejected their argument as insufficient to establish the required intent:

> The [City's] awareness of the mere possibility of damage is no evidence of intent. The damage the Pollocks claim—the migration of gas onto their property—is neither necessarily incident to [n]or a consequential result of the operation of a landfill. It can be prevented. The City's negligent failure to prevent landfill gas migration in this case is no evidence that it intended to damage the Pollocks' property.

*Id.*

Under *Pollock*, we must conclude that evidence of SAWS's knowledge—that the alley's grade could cause water from the alley to flow onto the Overbys' property during a heavy rain— is no evidence of SAWS's intent to damage their property. *See id.* Like in *Pollock*, the damaging migration was preventable; the rain water and effluent migration that damaged the Overbys' property was not "necessarily an incident to, or necessarily a consequential result of" SAWS maintaining the sewer system in the alley. *See id.* Thus, there is no evidence that SAWS intended to damage the Overbys' property. *See id.* Absent such requisite intent, SAWS's immunity was not waived under the takings clause. *See id.*; *Jennings*, 142 S.W.3d at 314. We turn to the Overbys' nuisance claim.

**D.    Nuisance Claim**

In his deposition, Robert Overby testified that SAWS left the alley surface in a "cup-shaped ditch" that collects rainwater, which sometimes floods his yard, and that condition was a nuisance. "[N]uisance liability arises only when governmental immunity is clearly and unambiguously

waived." *Jennings*, 142 S.W.3d at 316. We have already concluded that SAWS's immunity was not waived by the takings clause; thus we turn to whether SAWS's immunity is waived by statute.

### 1. Statutory Waiver of Immunity

The Overbys assert that SAWS's immunity is waived by the Tort Claims Act, under section 101.0215(32) or section 101.021. *See* TEX. CIV. PRAC. & REM. CODE ANN. §§ 101.021(1) (motor-driven equipment), .0215(32) (sewer service). SAWS contends that section 101.021 does not waive its immunity for the Overbys' nuisance claim because there is no nexus between SAWS's use of any equipment and the Overbys' injuries. *See id.* § 101.021(1).

### 2. Applicable Law

The Tort Claims Act waives a municipality's immunity for property damage proximately caused by its sewer service if, inter alia, the damage "arises from the operation or use of . . . motor-driven equipment." *See* TEX. CIV. PRAC. & REM. CODE ANN. § 101.021(1)(A); *Bellnoa v. City of Austin*, 894 S.W.2d 821, 826 (Tex. App.—Austin 1995, no writ) (recognizing that "the words 'under this chapter' limit the liability of the municipality for the listed functions under section 101.0215 to the conditions required under section 101.021" and holding that "section 101.0215 is not an independent waiver of immunity"); *accord City of Hous. v. Rushing*, 7 S.W.3d 909, 914 (Tex. App.—Houston [1st Dist.] 1999, pet. denied) (en banc); *Dalon v. City of DeSoto*, 852 S.W.2d 530, 535 (Tex. App.—Dallas 1992, writ denied).

But not all uses of motor-driven equipment are sufficient to waive immunity; to invoke a waiver, there must be "a nexus between the operation or use of the motor-driven vehicle or equipment and a plaintiff's injuries." *Dall. Area Rapid Transit v. Whitley*, 104 S.W.3d 540, 543 (Tex. 2003); *accord Tex. Parks & Wildlife Dep't v. E.E. Lowrey Realty, Ltd.*, 235 S.W.3d 692, 694 (Tex. 2007) (per curiam). Motor-driven equipment "'does not cause injury if it does no more than furnish the condition that makes the injury possible.'" *Whitley*, 104 S.W.3d at 543 (quoting *Dall.*

*Cnty. Mental Health & Mental Retardation v. Bossley*, 968 S.W.2d 339, 343 (Tex. 1998)). We examine the relevant jurisdictional facts. *See Miranda*, 133 S.W.3d at 227–28.

### 3. Relevant Evidence

The Overbys proffered evidence to show that (1) SAWS used motor-driven equipment to maintain the alley, (2) the alley collected rainwater which sometimes floods their yard with rainwater and sewage, and (3) this constitutes a nuisance. But the requisite nexus is not present. *See Whitley*, 104 S.W.3d at 543; *Bossley*, 968 S.W.2d at 343. The evidence conclusively proves that it was not SAWS's use of motor-driven equipment to excavate, repair, and refill the alley that damaged the Overbys' property. Rather, it was the condition of the alley that led to their damage, and a use of motor-driven equipment that results in a condition that causes an injury is not a sufficient nexus. *Cf. E.E. Lowrey Realty*, 235 S.W.3d at 694 (determining that the State's immunity was not waived under section 101.021 because the plaintiff's injury "relate[d] not to the active use or operation of . . . motor-driven equipment but to the condition of state property"); *Whitley*, 104 S.W.3d at 543 (same).

Accepting the Overbys' evidence as true, we nevertheless conclude that the evidence conclusively proves a lack of nexus between SAWS's use of motor-driven equipment and the damage to the Overbys' property. Absent such a nexus, SAWS's immunity was not waived by the Tort Claims Act.[3] *See E.E. Lowrey Realty*, 235 S.W.3d at 694; *Whitley*, 104 S.W.3d at 543.

---

[3] The Overbys also asserted that SAWS's immunity was waived by its use of manhole covers and the sewer system. *See* TEX. CIV. PRAC. & REM. CODE ANN. § 101.021(2) (waiving immunity for "personal injury and death so caused by a condition or use of tangible personal or real property"). The Overbys did not plead either personal injury or death; no waiver of immunity applies. *See id.*; *Tex. Parks & Wildlife Dep't v. E.E. Lowrey Realty, Ltd.*, 235 S.W.3d 692, 694 (Tex. 2007); *City of San Antonio v. Winkenhower*, 875 S.W.2d 388, 390 (Tex. App.—San Antonio 1994, writ denied).

*4.       Trial Court Decision Improper*

Unless SAWS's immunity from suit was waived, the trial court was required to grant its plea to the jurisdiction and dismiss the Overbys' claims.  *See Thomas*, 207 S.W.3d at 338–39; *Miranda*, 133 S.W.3d at 227–28.  Having determined that SAWS's immunity was not waived by either the takings clause or the Tort Claims Act, we conclude that the trial court had no jurisdiction to consider the merits of the Overbys' taking and nuisance claims.  *See Thomas*, 207 S.W.3d at 338–39; *Miranda*, 133 S.W.3d at 227–28.

## CONCLUSION

SAWS is cloaked with governmental immunity, and is immune from suit and liability absent an express waiver of immunity.  Here, the evidence conclusively proves that SAWS's immunity from suit was not waived under either the takings clause or the Tort Claims Act.  Thus, the trial court erred in denying SAWS's second plea to the jurisdiction as to the Overbys' claims for taking and nuisance.  Accordingly, we reverse the trial court's judgment and render judgment that the Overbys taking nothing from SAWS on their taking and nuisance claims.

Patricia O. Alvarez, Justice