ACCEPTED
14-14-00818-CV
FOURTEENTH COURT OF APPEALS
HOUSTON, TEXAS
2/2/2015 11:46:26 AM
CHRISTOPHER PRINE
CLERK

## NO. 14-14-00818-CV

_____

FILED IN
14th COURT OF APPEALS
HOUSTON, TEXAS
2/2/2015 11:46:26 AM
CHRISTOPHER A. PRINE
Clerk

## IN THE COURT OF APPEALS
## FOR THE FOURTEENTH JUDICIAL DISTRICT
## AT HOUSTON, TEXAS

_____

### CITY OF HOUSTON,

### APPELLANT,

### VS.

### KELLEY STREET ASSOCIATES, LLC,

### APPELLEE.

_____

**On Appeal from the 295th Judicial District Court of Harris County, Texas**
**The Honorable Caroline E. Baker, Presiding**
**Cause No. 2013-36796**

_____

### APPELLEE'S BRIEF

_____

H. Miles Cohn
Texas State Bar No. 04509600
mcohn@craincaton.com
Michelle V. Friery
Texas State Bar No. 24040934
mfriery@craincaton.com
CRAIN, CATON & JAMES, P.C.
1401 McKinney, Suite 1700
Houston, Texas 77010
Telephone:  (713) 752-8668
Facsimile: (713) 685-1921
COUNSEL FOR APPELLANT
KELLEY STREET ASSOCIATES, LLC

February 2, 2015

### ORAL ARGUMENT REQUESTED

# IDENTITIES OF PARTIES AND COUNSEL

The following is a complete list of names and addresses of all parties to the trial court proceeding and their counsel:

| | |
|---|---|
| **Plaintiff/Appellee:** | Kelley Street Associates, LLC |
| Represented by: | H. Miles Cohn<br>Michelle V. Friery<br>CRAIN, CATON & JAMES, P.C.<br>1401 McKinney St., 17th Floor<br>Houston, Texas 77010<br>Telephone (713) 752-8668<br>Facsimile (713) 685-1921<br>Email: mcohn@craincaton.com<br>Email: mfriery@craincaton.com |
| **Defendant/Appellant:** | City of Houston |
| Represented by: | Robert W. Higgason (appellate counsel)<br>Senior Assistant City Attorney<br>Brian A. Amis (trial counsel)<br>Senior Assistant City Attorney<br>CITY OF HOUSTON LEGAL DEPARTMENT<br>900 Bagby, 4th Floor<br>Houston, Texas 77002<br>Telephone (832) 393-6481<br>Facsimile: (832) 393-6259<br>Email: robert.higgason@houstontx.gov<br>Email: brian.amis@houstontx.gov |
| **Trial Court Judge:** | Hon. Caroline E. Baker<br>Presiding Judge of the 295th Judicial District Court of Harris County, Texas |

**TABLE OF CONTENTS**

IDENTITY OF PARTIES AND COUNSEL. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . i

INDEX OF AUTHORITIES.. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . iii

STATEMENT REGARDING ORAL ARGUMENT.. . . . . . . . . . . . . . . . . . . . . . . . . . . 2

ISSUE PRESENTED FOR REVIEW.. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

STATEMENT OF FACTS. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

SUMMARY OF ARGUMENT. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

ARGUMENT. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

    The district court properly denied the City's Plea to the Jurisdiction
    because there is a nexus between the City's operation of the backhoe and
    the resulting property damage.. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

        A.  Section 101.021(a) and the required "nexus". . . . . . . . . . . . . . . . . . . . 5

        B.  The City's burden on a plea to the jurisdiction. . . . . . . . . . . . . . . . . . 6

        C.  There is a sufficient nexus between the City's use of a
           backhoe and the resulting damage.. . . . . . . . . . . . . . . . . . . . . . . . . 7

CONCLUSION AND PRAYER. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 13

CERTIFICATE OF SERVICE. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 14

CERTIFICATE OF COMPLIANCE. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 15

# INDEX OF AUTHORITIES

**Cases**

*Austin ISD v. Gutierrez*, 54 S.W.3d 860 (Tex. App.-Austin 2001, pet. denied). . . . . . . . . 6

*Breckenridge Indep. Sch. Dist. v. Valdez*, 211 S.W.3d 402
       (Tex. App.–Eastland 2006, no pet.. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

*City of Waco v. Kirwan*, 298 S.W.3d 618 (Tex. 2009). . . . . . . . . . . . . . . . . . . . . . . . . 6

*Dallas Area Rapid Transit v. Whitley*, 104 S.W.3d 540 (Tex. 2003). . . . . . . . . . . . . . . 5, 9

*Dallas, Garland & Northeastern Railroad v. Hunt County*, 195 S.W.3d
       818 (Tex. App.–Dallas 2006, no pet.) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 10

*Gill v. Tex. Dep't of Criminal Justice*, 3 S.W.3d 576
       (Tex. App.–Houston [1st Dist.] 1999, no pet.) . . . . . . . . . . . . . . . . . . . . . . . . . 9

*Hunt County v. Dallas, Garland and Northeastern Railroad*, 2004 WL
       1178609 (Tex.App. – Dallas 2004, no pet.).. . . . . . . . . . . . . . . . . . . . . . . . . . 10

*Lee Lewis Construction, Inc. v.* Harrison, 70 S.W.3d 778 (Tex. 2001). . . . . . . . . . . . . 13

*LeLeaux v. Hamshire-Fannett ISD*, 835 S.W.2d 49 (Tex. 1992). . . . . . . . . . . . . . . . . 5, 9

*San Antonio Water System v. Overby*, 429 S.W.3d 716
       (Tex. App.–San Antonio 2014, no pet.) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 10

*Texas Dept. of Parks & Wildlife v. Miranda*, 133 S.W.3d 618 (Tex. 2004). . . . . . . . . . . 6

*Travis v. City of Mesquite*, 830 S.W.2d 94 (Tex. 1992). . . . . . . . . . . . . . . . . . . . . . . 12

**Other Authorities**

TEX.CIV.PRAC.&REM.CODE §101.021(1)(A). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . passim

70 TEX.JR.3D Tort Liability §10. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 12

NO. 14-14-00818-CV

_____

IN THE COURT OF APPEALS
FOR THE FOURTEENTH JUDICIAL DISTRICT
AT HOUSTON, TEXAS

_____

CITY OF HOUSTON,

APPELLANT,

VS.

KELLEY STREET ASSOCIATES, LLC,

APPELLEE.
_____

On Appeal from the 295th Judicial District Court of Harris County, Texas
The Honorable Caroline E. Baker, Presiding
Cause No. 2013-36796

_____

APPELLEE'S BRIEF
_____

TO THE HONORABLE JUSTICES OF THE COURT OF APPEALS:

Appellee Kelley Street Associates, LLC ("Kelley Street Associates") files this Appellee's Brief. For the reasons set forth herein, the district court's order denying the City of Houston's plea to the jurisdiction should be affirmed, and the case should be remanded for trial on the merits.

-1-

## STATEMENT REGARDING ORAL ARGUMENT

Appellee believes that oral argument would be helpful to the Court's consideration of the issue raised in this appeal. Therefore, Appellee requests the opportunity to present oral argument.

## ISSUE PRESENTED

The City of Houston used motor-driven equipment (a backhoe) in the repair of an underground water main adjacent to an office building owned by Kelley Street Associates. The backhoe dislodged debris that entered a pipe that was opened during the repairs; the debris flowed into the building, causing substantial damages. Is the claim to recover such damages within the waiver of sovereign immunity in Section 101.021(1) of the Texas Tort Claims Act, TEX.CIV.PRAC.&REM.CODE §101.021(1)(A), which applies to "property damage [that] arises from the operation or use of a motor-driven vehicle or motor-driven equipment"?

## STATEMENT OF FACTS

Kelley Street Associates owns a commercial office building located at 5825 Kelley Street in Houston, Texas. C.R. 5. On October 2, 2012, personnel of the Public Works and Engineering Department of the City of Houston (the "City") undertook repairs to a water meter and valves for a water main located under Kelley Street in front of the building. *Id.*

In the course of making these repairs, City personnel used a motor-driven vehicle and motor-driven equipment, specifically a backhoe. *Id.* The backhoe was used to break up and remove the concrete above the water main/meter. C.R. 123-24, 135. The repair could not have been performed but for the use of the backhoe. C.R. 123. This process dislodged dirt and rocks. C.R. 142-43. Hand tools were also used in the excavation and repair. C.R. 88-89, 125. In order to repair the water main/meter, an old part was

removed, opening the pipe and exposing it to the surrounding rocks, dirt and other debris. C.R. 125-26. The debris that was dislodged by the backhoe could then enter the pipe. C.R. 126.

The debris was in fact dislodged into the domestic water main and traveled into the plumbing system of the building owned by Kelley Street Associates. C.R. 5. The debris damaged the flush valves located in the building's toilets, causing the holding tanks in the building's septic system to fill rapidly and resulting in water coming up through the floor drains located throughout the building. *Id.*; C.R. 115, 117. The damage to the building was immediate and substantial. C.R. 5.

Kelley Street Associates initiated this lawsuit against the City and United Fire and Casualty Company ("United Fire") on June 21, 2013. C.R. 4. As against the City, Kelley Street Associates sought to recover damages resulting from the negligent operation of a motor-driven vehicle and motor-driven equipment; as against United Fire, Kelley Street Associates sought to recover on an insurance policy. C.R. 5-7.[1] Kelley Street Associates alleged that City personnel acting within the scope of their employment were negligent in the operation of a motor-driven vehicle and motor-driven equipment, namely the backhoe, in that the backhoe was operated in a manner that failed to prevent the introduction of debris into the water main, and that this negligent operation proximately caused the damages to the building. C.R. 5-6.

---

[1] Kelley Street Associates and United Fire filed cross motions for summary judgment with regard to coverage under the insurance policy, and judgment was entered in favor of United Fire. The case was severed, and Kelley Street Associates has appealed the judgment in a separate appeal pending under Case No. 14-14-00755.

On March 21, 2014, the City filed a Plea to the Jurisdiction. C.R. 33. Kelley Street Associates responded, C.R. 110, and on October 3, 2014, the trial court denied the Plea to the Jurisdiction. C.R. 153. The City then filed this interlocutory appeal; the lawsuit has been abated pending the outcome of this appeal.

## SUMMARY OF THE ARGUMENT

The City does not dispute that a backhoe is a "motor-driven vehicle" or "motor-driven equipment" within the meaning of TEX.CIV.PRAC.&REM.CODE §101.021(1)(A). Nor does the City deny that a backhoe was used in the excavation and repair that damaged the building owned by Kelley Street Associates. Rather, the City asserts that it is immune from suit because a nexus does not exist between the use of the backhoe and the resulting damages.

The trial court properly concluded that there is a sufficient nexus between the use of a backhoe and the damages in this case. The backhoe did not merely deliver the City personnel to the site or otherwise "set the stage" for an accident, rather it was an integral part of the City's negligent repairs that caused the accident. The City's immunity is therefore waived under Section 101.021(1), and the trial court properly denied the City's Plea to the Jurisdiction.

## ARGUMENT

**The district court properly denied the City's Plea to the Jurisdiction because there is a nexus between the City's operation of the backhoe and the resulting property damage.**

A.    Section 101.021(a) and the required "nexus"

The City's immunity from lawsuits is waived in this case pursuant to Section 101.021(1) of the Texas Tort Claims Act, which states in full:

A governmental unit in the state is liable for:

(1)    property damage, personal injury, and death proximately caused by the wrongful act or omission or the negligence of an employee acting within his scope of employment if:

  (A)    the property damage, personal injury, or death arises from the operation or use of a motor-driven vehicle or motor-driven equipment; and
  (B)    the employee would be personally liable to the claimant according to Texas law.

TEX.CIV.PRAC.&REM.CODE §101.021(1).

As the City correctly notes, this statute does not apply merely because a motor-driven vehicle or equipment appears somewhere in the background or circumstances of an accident.  Rather, there must be a "nexus" between the operation or use of the vehicle or equipment and the resulting damages.  *LeLeaux v. Hamshire-Fannett ISD*, 835 S.W.2d 49, 51 (Tex. 1992).   More specifically, the operation or use of the vehicle or equipment must have been a *cause* of the injury. *Dallas Area Rapid Transit v. Whitley*, 104 S.W.3d 540, 543 (Tex. 2003); *Breckenridge Indep. Sch. Dist. v. Valdez*, 211 S.W.3d 402, 407 (Tex. App.–Eastland 2006, no pet.).

B. The City's burden on a plea to the jurisdiction

The City's Plea to the Jurisdiction did not invoke the merits of this case. At this early stage of the case, the plaintiff need not prove that the City actually used a motor-driven vehicle or equipment and that such use actually caused its damages. Rather, when challenging jurisdiction the burden is on the City to prove *as a matter of law* that the statutory exception to sovereign immunity does not apply. *See Austin ISD v. Gutierrez*, 54 S.W.3d 860, 863 (Tex. App.-Austin 2001, pet. denied).

In considering a plea to the jurisdiction, a court must first determine whether the allegations of the petition affirmatively "demonstrate or negate the court's jurisdiction." *City of Waco v. Kirwan*, 298 S.W.3d 618, 622 (Tex. 2009). If the pleading does neither, then the court may consider evidence submitted by the parties on jurisdictional facts. In doing so, the court must "'take as true all evidence favorable to the nonmovant' and 'indulge every reasonable inference and resolve any doubts in the nonmovant's favor.'" *Id*., *citing Texas Dept. of Parks & Wildlife v. Miranda*, 133 S.W.3d 618, 628 (Tex. 2004).

In this case, the City did not assert that Kelley Street Associates' pleadings negated the applicability of Section §101.021(1) and thus established the City's immunity as a matter of law. Rather, the City introduced evidence – as did Kelley Street Associates – regarding the City's use of a backhoe in the repairs that damages Kelley Street Associates' building. The issue here, therefore, is whether the evidence, construed most favorably to Kelley Street Associates, negates the applicability of Section 101.021(1) as a matter of law.

C.  There is a sufficient nexus between the City's use of a backhoe and the resulting damage.

The City asserts that the backhoe was not used for the excavation and repair of the water line itself – that the backhoe was instead used to remove the concrete surface and that the work on the open line was done by hand tools. Appellant's Brief at 8, 10-12. However, removing the concrete was a necessary part of the repair – the water main could not have been reached without excavating the location. C.R. 123-24. Perhaps most importantly, the backhoe dislodged the dirt, rocks and other debris that could then enter the water main. C.R. 143, 115, 117.

The first step in the repair was to use the backhoe to break up and remove the concrete above the water main/meter. C.R. 123-24, 135. This process dislodged the debris. C.R. 142-43. When the water main was opened to finish the repair, the debris entered the pipe. C.R. 125-26. The repair could not have been performed but for the use of the backhoe. C.R. 123. Thus, the backhoe dislodged or contributed to the dislodging of the debris that entered and damaged the plumbing system of the building owned by Kelley Street Associates.

John Zenn, one of the City employees who made the repairs on Kelley Street, acknowledged that the debris created by the backhoe could have fallen into the pipe:

Q:  So in that area, just like in the pictures, I suppose if -- if there's concrete or dirt or rocks, that the -- that have been dislodged by the backhoe and haven't been picked up, they'll just be sitting somewhere on the ground or on that surface?

A:  Yeah, I guess.

Q:  Okay. And so it's possible --

A:      It's possible.

Q:      -- that rocks or debris could then fall into the pipe, into the hole?

A:      Yes, yes.

C.R. 126.   Jarrad Newsome, another City employee who made the repairs on Kelley Street, also testified:

Q:      Do you remember whether in the process of taking the concrete off the top that there would be, I assume, dirt or –

A:      Um-hum.

Q:      -- pebbles or rocks under the concrete that's dislodged?

A:      Well, yes, sir.  I mean, that will happen.  But there's dirt and rocks everywhere, but –

      ...

Q:      There's dirt and rocks because it's in the ground, right?

A:      Yeah, exactly.

Q:      But when you use the backhoe and you pull off concrete, you can dislodge additional dirt and rocks?

A:      Yes, sir.  Yes, sir, you can.

Q:      And as you said there was an open pipe.  And I -- that's the pipe that would leave -- lead into the wheel valve that's in Exhibit 2?

A:      Yes, sir.

      ...

Q:      But in order to do the repair, you would dig down and open up the pipe?

A:      Yes, sir.

Q:      Take the wheel valve off?

A:      Right.

Q:      Is that correct?  Because you've got to repair it?

A:      Yes, sir.  But before you actually do the repair, you would have to move the sidewalk....

C.R. 142-43.  Thus, both City employees acknowledged that the use of the backhoe dislodged or contributed to the dislodging of the debris that entered the pipe.  C.R. 126, 142-43.  The undisputed evidence is that the debris then damaged the plumbing system of the building owned by Kelley Street Associates, flooding it.  C.R. 115, 117.

The City cites five cases in support of its argument that the facts give rise to no causal nexus in this case.  Appellant's Brief at 13-19.  Three of those cases involve vehicles and stand for a much narrower proposition. *See Dallas Area Rapid Transit v. Whitley*, 104 S.W.3d 540, 541 (Tex. 2003) (passenger was assaulted at a bus stop by another passenger after both had been dropped off);  *Gill v. Tex. Dep't of Criminal Justice*, 3 S.W.3d 576, 578 (Tex. App.–Houston [1st Dist.] 1999, no pet.) (inmate was standing on the bed of a truck when a tree stump being loaded onto the truck rolled and injured his leg); *LeLeaux v. Hamshire-Fannett ISD*, 835 S.W.2d 49, 50-51 (Tex. 1992) (student hit her head while closing the back door of a school bus).  In each of these cases, the vehicle is "only the setting for the injury."  *LeLeaux*, 835 S.W.2d at 51-52 (vehicle was parked); *see also Whitley*, 104 S.W.3d at 541-42 (vehicle had left prior to the assault); *Gill*, 3 S.W.3d at 581-82 (vehicle was parked).   But in this case, the backhoe is not merely a "setting."  Nor did the backhoe merely bring the plaintiff to a place where he

was injured, nor was it merely a place at which an injury occurred. The work of the backhoe, in digging and dislodging debris, was a necessary part of the negligent repair and directly responsible for at least some of the debris that was present during the repair. C.R. 126, 142-43.

*San Antonio Water System v. Overby*, 429 S.W.3d 716, 722 (Tex. App.–San Antonio 2014, no pet.), also cited by the City, stands for no broader rule. In *Overby*, the plaintiffs complained that the city's water system used motor-driven equipment to maintain the sewer system including an alley adjoining their property and that the alley collected rainwater and sewage that flooded their home. However, the *Overby* plaintiffs did not attempt to explain how any particular use of a vehicle or equipment caused the flooding; rather, their evidence showed only that "motor driven equipment" was used "to maintain the alley" and that "the alley collected rainwater which sometimes floods [the plaintiffs'] yard." *Id.* at 722. On these vague allegations, the *Overby* court held that Section 101.021(1) did not apply because the use of the motor-driven equipment did not damage the property; it merely created a condition that caused injury. *Id.* In this case, by contrast, the use of a backhoe was an integral part of the repair at issue and the very source of at least some of the debris present when the water main was opened.

*Dallas, Garland & Northeastern Railroad v. Hunt County*, 195 S.W.3d 818, 819 (Tex. App.–Dallas 2006, no pet.), also cited by the City, involved a train derailment. The plaintiff railroad asserted that a county work crew had used a motor-driven vehicle or equipment in performing road maintenance on a county road where it crossed a railroad track; the tracks were covered over with road-base material, causing a train to derail, and

-10-

the railroad sought property damages. *Id.* In an earlier appeal, the appellate court affirmed the trial court's denial of the plea to the jurisdiction and remanded the case for further proceedings because "the [r]ailroad's pleadings were broad enough to include a claim for damages actually caused by the use of the motor-driven vehicle and equipment." *Hunt County v. Dallas, Garland and Northeastern Railroad*, 2004 WL 1178609 at *2-3 (Tex.App. – Dallas 2004, no pet.). In the subsequent appeal, the *Hunt County* court affirmed summary judgment against the plaintiff, holding that there was no evidence of damage caused by the vehicle's placement of road-base material as opposed to the derailment itself. 195 S.W.3d at 822-23.

*Hunt County* can be read to support the City's position, in that the road-base material placed with motor-driven equipment (like the debris dislodged by the City's backhoe) was a cause of the accident but nevertheless the court held there was an insufficient nexus between the equipment and the derailment. However, there is an important distinction: the placement of material on the railroad tracks and the subsequent derailment were two separate events, one occurring at some time before the other. In this case, by contrast, the backhoe was used in the course of the very same negligent repairs that caused the accident. On October 2, 2012, the City undertook the repair on Kelley Street, the backhoe was used, and the debris damaged the plumbing system of the building owned by Kelley Street Associates. C.R. 49-51, 115, 117. It is not reasonable to parcel out the repair into separate stages and pretend that one key part of the repair, in which motor-drive equipment dislodged debris, is something separate and apart from the work that allowed debris to enter the water main.

Moreover, the relevant facts related in the two *Hunt County* opinions are so sparse that it is difficult to fully understand their reasoning. Neither opinion describes the "motorized equipment" that was used to "spread road-base material" on the railroad tracks, nor do the opinions describe the manner in which the equipment was alleged to have been negligently used.

If in fact material was placed on the railroad tracks due to the negligent use of motorized equipment, and if that material later caused the derailment, then *Hunt County* was wrongly decided. In other cases discussing the nature of the "cause" that gives rise to a sufficient "nexus," the comment is made that the use of motor-driven vehicles or equipment cannot merely "set the stage" for the later accident. That explanation makes sense based on the distinction between "cause in fact," often referred to as a "but for" cause, and cause that is "foreseeable." *See, e.g., Travis v. City of Mesquite*, 830 S.W.2d 94, 98 (Tex. 1992); *see generally* 70 TEX.JR.3D Tort Liability §10 (Relationship between Wrongful Act and Injury – Proximate and Producing Cause), and cases cited therein. If a bus driver leaves a passenger off at a particular stop where he is beaten by another passenger, as in *Whitley, supra*, at 541, operation of the bus is a cause in fact because the accident would not have occurred but for the bus ride, *i.e.*, the bus "set the stage;" nonetheless, operation of the bus is not a "proximate cause" since it is not reasonably foreseeable that driving the bus to a particular stop will lead to a beating. But placing materials to a 4" depth over a railroad track is more than merely "setting the stage." If motor-driven equipment was negligently used to place that material, and if it should have been foreseeable that the material would cause an accident and it did in fact do so, then

-12-

the facts of *Hunt County* should have fit well within Section 101.021(1).

Finally, it should be noted that there may be more than one proximate cause of an accident or injury. *See, e.g., Lee Lewis Construction, Inc. v.* Harrison, 70 S.W.3d 778, 784 (Tex. 2001). Section 101.021(1) requires only that the damage "arise from" the operation or use of the motor vehicle or equipment. Courts have construed "arise from" to mean a nexus between operation of the vehicle or equipment and the resulting damage and have said that this "nexus" requires that the operation "cause" the damage. However, the statute does not state, and no court has held, that the operation of the vehicle or equipment must be the *sole* cause of the damage. If the use of the backhoe to excavate and dislodge debris in this case was not the sole cause of damage, it certainly was a proximate cause. The district court thus properly denied the City's Plea to the Jurisdiction.

## CONCLUSION AND PRAYER

For these reasons, Section 101.021(1) applies to the facts of this case and the district court properly denied the City's Plea to the Jurisdiction. Appellee Kelley Street Associates, LLC respectfully prays that this Court affirm the trial court's order denying the Plea to the Jurisdiction and remand the case to the trial court for a trial on the merits.

Respectfully submitted,

CRAIN, CATON & JAMES, P.C.

By:   /s/H.Miles Cohn
        H. Miles Cohn
        State Bar No. 04509600
        Michelle V. Friery
        State Bar No. 24040934
        CRAIN, CATON & JAMES, P.C.
        1401 McKinney Street, Suite 1700
        Houston, Texas  77010
        Telephone:  (713) 752-8668
        Facsimile:  (713) 658-1921
        Email: mcohn@craincaton.com
        COUNSEL FOR APPELLEE
        KELLEY STREET ASSOCIATES, LLC

## CERTIFICATE OF SERVICE

I hereby certify that on this the 2nd day of February, 2015 a true and correct copy of the foregoing Appellee's Brief was served, by EFSP Efile.txcourts.gov electronic service, on all counsel of record:

Robert W. Higgason
Senior Assistant City Attorney
City of Houston Legal Department
900 Bagby, 4th Floor
Houston, Texas 77002
Telephone (832) 393-6481
Facsimile: (832) 393-6259
Email: robert.higgason@houstontx.gov
*Counsel for Appellant*

        /s/H. Miles Cohn
          H. Miles Cohn

## <u>CERTIFICATE OF COMPLIANCE</u>

This document contains 3,064 words. This word count was created by highlighting portions of the WordPerfect document and performing a word count on such highlighted portions. This word count does not include words excluded from the count by Rule 9.4(i)(1), such as caption, identity of parties and counsel, table of contents, index of authorities, statement of issues presented, signature, certificate of service, or certificate of compliance.

<u>/s/H.Miles Cohn</u>
H. Miles Cohn