

# Fourth Court of Appeals
## San Antonio, Texas

### MEMORANDUM OPINION

No. 04-17-00346-CV

**RIO GRANDE CITY CONSOLIDATED INDEPENDENT SCHOOL DISTRICT**,
Appellant

v.

**CITY OF RIO GRANDE**, Joel Villarreal-Mayor, Arcadio J. Salinas III-Comm. Place 1, Rey Ramirez-Comm. Place 2, Hernan R. Garza III-Comm. Place 3 and Dave Jones-Comm. Place 4 and Dave Jones-Comm. Place 4,
Appellees

From the 381st Judicial District Court, Starr County, Texas
Trial Court No. DC-15-631
Honorable J. Manuel Banales, Judge Presiding

Opinion by:     Karen Angelini, Justice

Sitting:        Karen Angelini, Justice
                Marialyn Barnard, Justice
                Rebeca C. Martinez, Justice

Delivered and Filed:  June 27, 2018

REVERSED AND REMANDED IN PART; AFFIRMED IN PART

In this appeal, the Rio Grande City Consolidated Independent School District ("the school district") argues the trial court erred in granting a plea to the jurisdiction/summary judgment motion and in dismissing all its claims against the City of Rio Grande ("the city"). Both the city and the United States of America, who intervened in the suit, contend the trial court properly dismissed the school district's claims. We reverse and remand in part and affirm in part.

# BACKGROUND

This case involves a dispute about title to a .64-acre tract of real property in Rio Grande City, Texas. The school district, claiming it is the owner of the .64-acre tract and entitled to possession of it, sued the city for trespass to try title and declaratory judgment. The United States filed a petition in intervention to preserve its interests in the .64-acre tract.

The city filed a combination plea to the jurisdiction/summary judgment motion. As to its plea to the jurisdiction, the city argued the school district's trespass to try title and declaratory judgment claims should be dismissed because the school district failed to establish that the city's immunity had been waived. As to its summary judgment motion, the city argued the school district was not entitled to prevail on its trespass to try title claim because the school district was not the legal owner of the .64-acre tract, nor was the school district entitled to prevail on its declaratory judgment claim because the dispute involved the determination of title to a well-defined parcel of land. Alternatively, the city argued that it had acquired a valid leasehold to the real property and asserted the affirmative defense of laches. The city's plea to the jurisdiction/summary judgment motion did not address or ask for disposition of the school district's unconstitutional taking claim.

The trial court held a hearing on the plea to the jurisdiction/summary judgment motion.[1] On the day of the hearing, the school district filed its third amended petition, which deleted the declaratory judgment claim and added an unconstitutional taking claim.

The trial court held a hearing on the plea to the jurisdiction/summary judgment motion. At the hearing, the trial court stated it would not consider the school district's newly-amended petition which included the unconstitutional taking claim. At the end of the hearing, the trial court granted

---

[1]The City represents in its brief that this case was tried to the bench; however, the record shows this case was not tried to the bench. The trial court resolved this case by ruling on the parties' pre-trial motions, including the city's plea to the jurisdiction/summary judgment motion.

the city's plea to the jurisdiction/summary judgment motion and signed a judgment granting the city's plea to the jurisdiction/summary judgment motion and dismissing all the school district's claims. Thereafter, the school district filed a motion asking the trial court to reconsider its judgment and grant a new trial. The trial court denied the motion to reconsider and for new trial. In its order denying the motion, the trial court clarified that "it was the trial court's intention to dispose of all of [p]laintiff's claims against all parties." The school district appealed.

### TRESPASS TO TRY TITLE

On appeal, the United States argues the trial court properly dismissed the school district's trespass to try title claim because the trial court, a state district court, lacked jurisdiction over the claim. The United States made this argument in its petition in intervention, but it did not present it to the trial court. However, because subject matter jurisdiction is an issue that may be raised for the first time on appeal, we will address the United States's jurisdictional argument. *See Texas Ass'n of Bus. v. Texas Air Control Bd.*, 852 S.W.3d 440, 445 (Tex. 1993).

Under federal law, "[t]he United States may be named as a party defendant in a civil action under this section to adjudicate a disputed title to real property in which the United States claims an interest, other than a security interest or water rights." 28 U.S.C. § 2409a(a). Additionally, under federal law, federal "district courts have exclusive original jurisdiction of civil actions under section 2409a to quiet title to an estate or interest in real property in which an interest is claimed by the United States." 28 U.S.C. § 1346(f). Thus, "[e]xclusive jurisdiction in quiet title actions against the United States is vested in federal courts." *McClellan v. Kimball*, 623 F.2d 83, 86 (9th Cir. 1980). "A state court does not have jurisdiction to decide quiet title actions against the United States." *Id.*; *Cummings v. United States*, 648 F.2d 289, 291-92 (5th Cir. 1981) (concluding Texas state court had no jurisdiction to hear a claim to adjudicate title to real property in which the United

States claimed an interest, and federal district court had exclusive original jurisdiction over the claim).

Here, the record shows the United States intervened in this case and claimed an interest in the real property at issue, the .64-acre tract. The United States made the following allegations in its petition in intervention. In 1948, the United States conveyed certain real property, including the .64-acre tract now in dispute, to the school district. In 1956, the school district conveyed the .64-acre tract back to the United States by general warranty deed. In 1958, the school district and the United States entered into a ninety-nine-year lease agreement, whereby the school district leased certain real property in Rio Grande City, Texas, to the United States. However, the United States had not yet determined if the real property described in the lease included the .64-acre tract. In October 2004, the United States conveyed the .64-acre tract to the city; however, this conveyance provided that title to the .64-acre tract would revert back to the United States if the .64-acre tract "ceases to be used or maintained for law enforcement purposes." The United States further alleged that the school district's trespass to try title action sought to terminate the ownership interests the city and the United States had in the .64-acre tract.

Because the school district's trespass to try title claim seeks to determine title to real property in which the United States claims an interest, the trial court had no jurisdiction over this claim. *See Montara Water and Sanitary Dist. v. Cnty. of San Mateo*, 598 F.Supp.2d 1070, 1075-76 (N.D. Cal. 2009) (concluding case fell squarely within the federal court's exclusive jurisdiction when both the plaintiff and the United States, as intervenor, claimed to own the real property in dispute). Therefore, we conclude the trial court did not err in dismissing the school district's trespass to try title claim.

## UNCONSTITUTIONAL TAKING

The school district argues the trial court erred by disposing of all of its claims because the city's plea to the jurisdiction/summary judgment motion did not address all its claims. According to the school district, the city's plea to the jurisdiction/summary judgment motion "was aimed at [the school district's] cause[] of action in trespass-to-try title and its request for a declaratory judgment and award of attorney's fees, but it never" addressed the school district's "cause of action for unconstitutional taking."[2]

In its plea to the jurisdiction/summary judgment motion, the city argued the school district's trespass to try title and declaratory judgment claims should be dismissed because the school district failed to establish that the city's immunity had been waived. The city further argued the school district could not prevail on its trespass to try title claim because the school district was not the legal owner of the .64-acre tract, and the school district could not prevail on its declaratory judgment claim because the dispute involved the determination of title to a well-defined parcel of land. Finally, the city argued, in the alternative, that it had acquired a valid leasehold to the real property in question and asserted the affirmative defense of laches.

When, as here, a plea to the jurisdiction challenges each claim asserted in the petition, courts determine jurisdiction on a claim-by-claim basis. *San Antonio Water Sys. v. Overby*, 429 S.W.3d 716, 719-22 (Tex. App.—San Antonio 2014, no pet.) (citing *Thomas v. Long*, 207 S.W.3d 334, 338-39 (Tex. 2006)); *Hidalgo Cnty. v. Dyer*, 358 S.W.3d 698, 704 (Tex. App.—Corpus Christi-Edinburg 2011, no pet.); *see also Am. Motorists Ins. Co. v. Fodge*, 63 S.W.3d 801, 805

---

[2]We also note that at the hearing on its motion to reconsider and for new trial, the school district argued, "[T]he Court cannot grant a summary judgment on something that [the city] did not assail, and [the city] did not assail our claim for unconstitutional taking, which results in a waiver of sovereign immunity when you make that claim. [The city] never attacked it. And it's included in our [third] original amended petition. The last live pleading that was filed, it's in there . . . ."

(Tex. 2001) (concluding that the trial court erred in dismissing all the plaintiff's claims when the trial court only lacked jurisdiction over some of the claims). Additionally, summary judgments may be granted only on grounds expressly asserted in the summary judgment motion. TEX. R. CIV. P. 166a(c). A party may not be granted judgment as a matter of law on a cause of action not addressed in a summary judgment proceeding. *Chessher v. Sw. Bell Telephone Co.*, 658 S.W.2d 563, 564 (Tex. 1983). "Granting a summary judgment on a claim not addressed in the summary judgment therefore is, as a general rule, reversible error." *G & H Towing v. Magee*, 347 S.W.3d 293, 297 (Tex. 2011).

Here, the city's combination plea to the jurisdiction/summary judgment motion addressed the school district's claims on a claim-by-claim basis. The city's plea to the jurisdiction/summary judgment motion addressed the school district's trespass to try title claim and its declaratory judgment claim, but it did not address the school district's unconstitutional taking claim. At the hearing on the city's plea to the jurisdiction/summary judgment motion, the city asked the trial court to strike the school district's latest pleading, its third amended petition, in which the school district had added the unconstitutional taking claim. The trial court did not strike the school district's third amended petition, but it did state that it would not consider the school district's latest amended petition in deciding the city's plea to the jurisdiction/summary judgment motion. Nevertheless, the trial court signed a judgment that disposed of all the school district's claims. Because the record shows the school district's unconstitutional taking claim was not addressed in the plea to the jurisdiction/summary judgment motion, the trial court erred in disposing of this claim. *See Chessher*, 658 S.W.2d at 564 (holding appellate court's affirmation of judgment disposing of all the plaintiff's claims was improper when the defendant had moved for summary judgment on only one of the plaintiff's claims).

## CONCLUSION

We reverse the portion of the trial court's judgment disposing of the school district's unconstitutional taking claim against the city and remand the case to the trial court for further proceedings consistent with our opinion. We affirm the remainder of the trial court's judgment.

Karen Angelini, Justice