# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-08-00357-CV

**City of Taylor, Texas, Appellant**

**v.**

**Laboratory Tops, Inc. d/b/a Durcon Laboratory Tops, Inc. and
Durcon Incorporated, Appellees**

**FROM THE DISTRICT COURT OF WILLIAMSON COUNTY, 26TH JUDICIAL DISTRICT
NO. 07-549-C26, HONORABLE BILLY RAY STUBBLEFIELD, JUDGE PRESIDING**

## M E M O R A N D U M   O P I N I O N

Laboratory Tops, Inc. d/b/a Durcon Laboratory Tops, Inc. and Durcon Incorporated (collectively, "Durcon") seek reimbursement for property damage resulting from a fire main leak. Durcon claims liability under the Texas Tort Claims Act, alleging that the leak and resulting damage was caused by the City of Taylor's negligent use of motor-driven equipment. *See* Tex. Civ. Prac. & Rem. Code Ann. § 101.021 (West 2005). The City appeals the trial court's denial of its plea to the jurisdiction, filed on the grounds of sovereign immunity. Because we have determined that a factual dispute exists regarding the relevant jurisdictional requirements, we affirm the trial court's order denying the plea to the jurisdiction.

## BACKGROUND

In June 2006, City of Taylor utility workers excavated around a water pipe adjacent to Durcon's property in an attempt to find and repair a water leak. The workers used a vacuum

truck—a motorized vehicle equipped with motorized suction equipment—to remove dirt and soil from around the pipe, which had a bell and spigot type end joint. According to the report by Durcon's expert engineer, Robert Fleishmann, such joints are held together by the combined forces of concrete thrust blocks and the surrounding soil. The City left the pipes uncovered and, about four days later, the pipe separated and water flooded Durcon's facility.

Durcon filed suit against the City, alleging that the City's use of the vacuum truck to excavate around the pipe caused the pipe separation and the resulting damage. The City filed a plea to the jurisdiction, asserting that there is no evidence that the use of the vacuum truck actually caused the pipe to separate four days later. The trial court denied the plea to the jurisdiction and this appeal followed.

**STANDARD OF REVIEW**

Sovereign immunity deprives a trial court of subject-matter jurisdiction and is properly asserted in a plea to the jurisdiction. *Texas Dep't of Parks & Wildlife v. Miranda*, 133 S.W.3d 217, 224-26 (Tex. 2004). Whether a trial court has subject-matter jurisdiction is a question of law we review de novo. *Westbrook v. Penley*, 231 S.W.3d 389, 394 (Tex. 2007). The plaintiff has the burden of alleging facts to affirmatively demonstrate that sovereign immunity has been waived and the district court has jurisdiction. *Miranda*, 133 S.W.3d at 226. We construe the pleadings liberally in favor of the plaintiff and look to the plaintiff's intent. *Texas Ass'n of Bus. v. Texas Air Control Bd.*, 852 S.W.2d 440, 446 (Tex. 1993). If the pleadings do not affirmatively demonstrate incurable defects in jurisdiction, the issue is one of pleading sufficiency and the plaintiffs should be afforded the opportunity to amend. *Miranda*, 133 S.W.3d at 226-27.

When the defendant challenges the existence of the pled facts, a court may consider the evidence pertinent to the jurisdictional inquiry in order to determine whether the particular facts of the case come within the scope of the alleged waiver. *State Dep't of Crim. Justice v. Miller*, 51 S.W.3d 583, 587 (Tex. 2001). However, a plea to the jurisdiction does not "authorize an inquiry so far into the substance of the claims presented that plaintiffs are required to put on their case simply to establish jurisdiction." *Bland Indep. Sch. Dist. v. Blue*, 34 S.W.3d 547, 554 (Tex. 2000). Unless a pled jurisdictional fact is challenged and conclusively negated, it must be taken as true for purposes of determining subject-matter jurisdiction. *City of Austin v. Leggett*, 257 S.W.3d 456, 462 (Tex. App.—Austin 2008, pet. denied). If the evidence creates a fact question regarding the jurisdictional issue, then the trial court cannot grant the plea to the jurisdiction, and the fact question must be resolved by the fact finder. *Miranda*, 133 S.W.3d at 227-228.

## DISCUSSION

Absent an express waiver of sovereign immunity, the State and its subdivisions—including cities—are generally immune from suit. *Miranda*, 133 S.W.3d at 224. The Texas Tort Claims Act provides a limited waiver of sovereign immunity for injuries arising from the operation or use of a motor-driven vehicle or motor-driven equipment. Tex. Civ. Prac. & Rem. Code Ann. § 101.021(1).[1] In order to state a claim under this waiver, the plaintiff must show a causal

---

[1] Section 101.021 provides that:

A governmental unit in the state is liable for:

(1) property damage, personal injury, and death proximately caused by the wrongful act or omission or the negligence of an employee acting within his scope of employment if:

3

nexus between the injury and the operation or use of the motor-driven equipment. *Leleaux v. Hamshire-Fannett Ind. Sch. Dist.*, 835 S.W.2d 49, 51 (Tex. 1992). It is not enough to show that the operation or use of the equipment furnished a condition that made the injury possible. *Dallas Area Rapid Transit v. Whitley*, 104 S.W.3d 540, 543 (Tex. 2003). The government employee's negligent act in using or operating the equipment must have played some role in causing the injury. *Austin Indep. Sch. Dist. v. Gutierrez*, 54 S.W.3d 860, 863 (Tex. App.—Austin 2001, pet. denied).

Durcon's pleading alleges that the pipe separation and resulting flood damage "was the direct and proximate result of the City of Taylor's negligent operation of the backtruck and its motor-driven equipment." More specifically, Durcon pleads that the city negligently excavated and exposed the fire main and that "the force of the suction from Defendant's back truck and the use of such truck to remove the supporting soil" allowed the thrust blocks to move and the pipe to come apart at the joint.

The City counters that the testimony of Fleishmann, Durcon's expert, supports a different conclusion. The City argues that the truck did nothing more than create a condition—the exposed pipe—which allowed the separation to occur. The City bases its claim on deposition

(A) the property damage, personal injury, or death arises from the operation or use of a motor-driven vehicle or motor-driven equipment; and

(B) the employee would be personally liable to the claimant according to Texas law; and

(2) personal injury and death so caused by a condition or use of tangible personal or real property if the governmental unit would, were it a private person, be liable to the claimant according to Texas law.

Tex. Civ. Prac. & Rem. Code Ann. § 101.021 (West 2005).

4

testimony by Fleishmann that if the City had replaced the soil after they excavated, rather than leaving the pipe exposed, the separation and flooding likely would not have occurred. The City also points to statements by Fleishmann that it is not unreasonable to excavate in order to locate the source of a leak. This, the City argues, conclusively proves that the separation and flooding was actually caused by the prolonged exposure of the pipes—the condition created by the use of the vacuum truck. We disagree.

The City conflates Fleishmann's approval of the decision to excavate with approval of the manner in which the excavation was conducted and the extent to which the pipe was exposed. Fleishmann also testified that as the City excavated the soil, they should have ensured "that their thrusts blocks weren't moved and/or the pipe . . . was contained." The City also ignores Fleishman's statement, "I contribute the excavation to the separation of the pipe." Durcon correctly notes, and the City fails to recognize, that the pipe separation could have more than one proximate cause. Further, the City's ability to correct its negligent act before the flooding occurred—by replacing the soil—does not mean that the excavation itself did not cause damage to the piping system by removing the dirt, which, according to Fleishmann's report and testimony, provides resisting compression force that is essential to holding the pipe joints together.

The City relies on case law where the plaintiff failed to even allege, much less present evidence, that the motor-driven equipment played a direct role in the injury. *See Texas Parks & Wildlife Dep't v. E.E. Lowry*, 235 S.W.3d 692, 694 (Tex. 2007) (plaintiff's storage facility was damaged when faulty wiring in State-owned boat ignited fire; no allegation that boat was being used or operated at time fire started); *Whitley*, 104 S.W.3d at 542-43 (Whitley was attacked by another passenger after driver forced Whitley, who was disabled, to get off bus; no allegation that use of bus

5

played any role in Whitley's physical injuries).  Unlike the plaintiffs in *Lowry* and *Whitley*, Durcon has produced evidence that the motor-driven equipment—the vacuum truck—played a direct role in the injury by removing the dirt that was holding the pipe together and thus causing the pipe to separate.[2]

In reviewing a plea to the jurisdiction in which the pleading requirement has been met and the plaintiff has introduced evidence in support of its pleadings, we take the plaintiff's evidence as true unless the defendant conclusively proves otherwise.  *Miranda*, 133 S.W.3d at 228; *see also Leggett*, 257 S.W.3d at 462 (defendant must conclusively disprove plaintiff's pleadings to succeed in plea to jurisdiction); *City of Austin v. Rangel*, 184 S.W.3d 377, 382 (Tex. App.—Austin 2006, no pet.) (burden is on defendant to put forth evidence establishing as matter of law that trial court lacks subject-matter jurisdiction).  By pointing to certain specific statements in Fleishmann's testimony, the City has, at most, established a factual dispute about whether the vacuum truck's excavation was a proximate cause of the pipe separation, and that is not enough.  *See Texas Dep't of Pub. Safety v. Grisham*, 232 S.W.3d 822, 825 (Tex. App.—Houston [14th Dist.] 2007, no pet.)

---

[2] We find guidance in *Dallas, Garland, & Northeastern Railroad v. Hunt County*, 195 S.W.3d 818 (Tex. App.—Dallas 2006, no pet.).  In that case, a Hunt County road maintenance crew used a motor vehicle to repair a county road and in the process negligently left road-base material on the plaintiff's railroad tracks.  *Id.* at 819.  This road-base material later caused a train to derail, resulting in damage to both the train and the tracks.  *Id.* at 823.  Our sister court denied relief to the railroad on the grounds that by applying the road-base material to the tracks, the motor vehicle did no more than furnish the dangerous condition that allowed the train to derail and the derailment was the actual cause of the injuries to the train and the tracks.  *Id.*  However, the court specifically noted that if, while applying the road-base material, the motor vehicle had itself caused damage to the tracks, there would have been a waiver of sovereign immunity under section 101.021 for those damages.  *Id.*  That is the situation with which we are confronted.  Durcon has presented evidence that the pipes were damaged by the vacuum truck's excavation itself.

("If the evidence creates a fact question regarding the jurisdictional issue, then the trial court cannot grant the plea to the jurisdiction, and the fact issue will be resolved by the fact-finder.").

We hold that Durcon has presented sufficient evidence to create a fact issue as to their pled jurisdictional facts. Therefore, the trial court did not err in denying the City's plea to the jurisdiction.

## CONCLUSION

Because we have determined that a factual dispute exists regarding the relevant jurisdictional requirements, we affirm the trial court's order denying the City's plea to the jurisdiction.

_____

Diane M. Henson, Justice

Before Justices Patterson, Waldrop and Henson

Affirmed

Filed:   December 31, 2008