TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN






NO. 03-08-00357-CV






City of Taylor, Texas, Appellant


v.


Laboratory Tops, Inc. d/b/a Durcon Laboratory Tops, Inc. and 

Durcon Incorporated, Appellees






FROM THE DISTRICT COURT OF WILLIAMSON COUNTY, 26TH JUDICIAL DISTRICT

NO. 07-549-C26, HONORABLE BILLY RAY STUBBLEFIELD, JUDGE PRESIDING





M E M O R A N D U M O P I N I O N


 Laboratory Tops, Inc. d/b/a Durcon Laboratory Tops, Inc. and Durcon Incorporated
(collectively, "Durcon") seek reimbursement for property damage resulting from a fire main leak. 
Durcon claims liability under the Texas Tort Claims Act, alleging that the leak and resulting damage
was caused by the City of Taylor's negligent use of motor-driven equipment. See Tex. Civ. Prac. &
Rem. Code Ann. § 101.021 (West 2005). The City appeals the trial court's denial of its plea to the
jurisdiction, filed on the grounds of sovereign immunity. Because we have determined that a factual
dispute exists regarding the relevant jurisdictional requirements, we affirm the trial court's order
denying the plea to the jurisdiction.


BACKGROUND

 In June 2006, City of Taylor utility workers excavated around a water pipe adjacent
to Durcon's property in an attempt to find and repair a water leak. The workers used a vacuum
truck--a motorized vehicle equipped with motorized suction equipment--to remove dirt and soil
from around the pipe, which had a bell and spigot type end joint. According to the report by
Durcon's expert engineer, Robert Fleishmann, such joints are held together by the combined forces
of concrete thrust blocks and the surrounding soil. The City left the pipes uncovered and, about four
days later, the pipe separated and water flooded Durcon's facility.

 Durcon filed suit against the City, alleging that the City's use of the vacuum truck to
excavate around the pipe caused the pipe separation and the resulting damage. The City filed a plea
to the jurisdiction, asserting that there is no evidence that the use of the vacuum truck actually caused
the pipe to separate four days later. The trial court denied the plea to the jurisdiction and this
appeal followed.


STANDARD OF REVIEW

 Sovereign immunity deprives a trial court of subject-matter jurisdiction and is
properly asserted in a plea to the jurisdiction. Texas Dep't of Parks & Wildlife v. Miranda,
133 S.W.3d 217, 224-26 (Tex. 2004). Whether a trial court has subject-matter jurisdiction is a
question of law we review de novo. Westbrook v. Penley, 231 S.W.3d 389, 394 (Tex. 2007). The
plaintiff has the burden of alleging facts to affirmatively demonstrate that sovereign immunity has
been waived and the district court has jurisdiction. Miranda, 133 S.W.3d at 226. We construe the
pleadings liberally in favor of the plaintiff and look to the plaintiff's intent. Texas Ass'n of Bus.
v. Texas Air Control Bd., 852 S.W.2d 440, 446 (Tex. 1993). If the pleadings do not affirmatively
demonstrate incurable defects in jurisdiction, the issue is one of pleading sufficiency and the
plaintiffs should be afforded the opportunity to amend. Miranda, 133 S.W.3d at 226-27. 

 When the defendant challenges the existence of the pled facts, a court may consider
the evidence pertinent to the jurisdictional inquiry in order to determine whether the particular facts
of the case come within the scope of the alleged waiver. State Dep't of Crim. Justice v. Miller,
51 S.W.3d 583, 587 (Tex. 2001). However, a plea to the jurisdiction does not "authorize an inquiry
so far into the substance of the claims presented that plaintiffs are required to put on their case
simply to establish jurisdiction." Bland Indep. Sch. Dist. v. Blue, 34 S.W.3d 547, 554 (Tex. 2000). 
Unless a pled jurisdictional fact is challenged and conclusively negated, it must be taken as true for
purposes of determining subject-matter jurisdiction. City of Austin v. Leggett, 257 S.W.3d 456, 462
(Tex. App.--Austin 2008, pet. denied). If the evidence creates a fact question regarding the
jurisdictional issue, then the trial court cannot grant the plea to the jurisdiction, and the fact question
must be resolved by the fact finder. Miranda, 133 S.W.3d at 227-228.


DISCUSSION

 Absent an express waiver of sovereign immunity, the State and its
subdivisions--including cities--are generally immune from suit. Miranda, 133 S.W.3d at 224. The
Texas Tort Claims Act provides a limited waiver of sovereign immunity for injuries arising from the
operation or use of a motor-driven vehicle or motor-driven equipment. Tex. Civ. Prac. & Rem. Code
Ann. § 101.021(1). (1) In order to state a claim under this waiver, the plaintiff must show a causal
nexus between the injury and the operation or use of the motor-driven equipment. Leleaux
v. Hamshire-Fannett Ind. Sch. Dist., 835 S.W.2d 49, 51 (Tex. 1992). It is not enough to show that
the operation or use of the equipment furnished a condition that made the injury possible. 
Dallas Area Rapid Transit v. Whitley, 104 S.W.3d 540, 543 (Tex. 2003). The government
employee's negligent act in using or operating the equipment must have played some role in causing
the injury. Austin Indep. Sch. Dist. v. Gutierrez, 54 S.W.3d 860, 863 (Tex. App.--Austin 2001,
pet. denied). 

 Durcon's pleading alleges that the pipe separation and resulting flood damage "was
the direct and proximate result of the City of Taylor's negligent operation of the backtruck and its
motor-driven equipment." More specifically, Durcon pleads that the city negligently excavated and
exposed the fire main and that "the force of the suction from Defendant's back truck and the use of
such truck to remove the supporting soil" allowed the thrust blocks to move and the pipe to come
apart at the joint.

 The City counters that the testimony of Fleishmann, Durcon's expert, supports a
different conclusion. The City argues that the truck did nothing more than create a condition--the
exposed pipe--which allowed the separation to occur. The City bases its claim on deposition
testimony by Fleishmann that if the City had replaced the soil after they excavated, rather than
leaving the pipe exposed, the separation and flooding likely would not have occurred. The City also
points to statements by Fleishmann that it is not unreasonable to excavate in order to locate the
source of a leak. This, the City argues, conclusively proves that the separation and flooding was
actually caused by the prolonged exposure of the pipes--the condition created by the use of the
vacuum truck. We disagree.

 The City conflates Fleishmann's approval of the decision to excavate with approval
of the manner in which the excavation was conducted and the extent to which the pipe was exposed. 
Fleishmann also testified that as the City excavated the soil, they should have ensured "that their
thrusts blocks weren't moved and/or the pipe . . . was contained." The City also ignores Fleishman's
statement, "I contribute the excavation to the separation of the pipe." Durcon correctly notes, and
the City fails to recognize, that the pipe separation could have more than one proximate cause. 
Further, the City's ability to correct its negligent act before the flooding occurred--by replacing the
soil--does not mean that the excavation itself did not cause damage to the piping system by
removing the dirt, which, according to Fleishmann's report and testimony, provides resisting
compression force that is essential to holding the pipe joints together. 

 The City relies on case law where the plaintiff failed to even allege, much less present
evidence, that the motor-driven equipment played a direct role in the injury. See Texas Parks
& Wildlife Dep't v. E.E. Lowry, 235 S.W.3d 692, 694 (Tex. 2007) (plaintiff's storage facility was
damaged when faulty wiring in State-owned boat ignited fire; no allegation that boat was being used
or operated at time fire started); Whitley, 104 S.W.3d at 542-43 (Whitley was attacked by another
passenger after driver forced Whitley, who was disabled, to get off bus; no allegation that use of bus
played any role in Whitley's physical injuries). Unlike the plaintiffs in Lowry and Whitley, Durcon
has produced evidence that the motor-driven equipment--the vacuum truck--played a direct role
in the injury by removing the dirt that was holding the pipe together and thus causing the pipe
to separate. (2)

 In reviewing a plea to the jurisdiction in which the pleading requirement has been met
and the plaintiff has introduced evidence in support of its pleadings, we take the plaintiff's evidence
as true unless the defendant conclusively proves otherwise. Miranda, 133 S.W.3d at 228; see also
Leggett, 257 S.W.3d at 462 (defendant must conclusively disprove plaintiff's pleadings to succeed
in plea to jurisdiction); City of Austin v. Rangel, 184 S.W.3d 377, 382 (Tex. App.--Austin 2006,
no pet.) (burden is on defendant to put forth evidence establishing as matter of law that trial court
lacks subject-matter jurisdiction). By pointing to certain specific statements in Fleishmann's
testimony, the City has, at most, established a factual dispute about whether the vacuum truck's
excavation was a proximate cause of the pipe separation, and that is not enough. See Texas Dep't
of Pub. Safety v. Grisham, 232 S.W.3d 822, 825 (Tex. App.--Houston [14th Dist.] 2007, no pet.)
("If the evidence creates a fact question regarding the jurisdictional issue, then the trial court cannot
grant the plea to the jurisdiction, and the fact issue will be resolved by the fact-finder.").

 We hold that Durcon has presented sufficient evidence to create a fact issue as to their
pled jurisdictional facts. Therefore, the trial court did not err in denying the City's plea to the
jurisdiction.


CONCLUSION

 Because we have determined that a factual dispute exists regarding the relevant
jurisdictional requirements, we affirm the trial court's order denying the City's plea to
the jurisdiction.


__________________________________________ Diane M. Henson, Justice

Before Justices Patterson, Waldrop and Henson

Affirmed

Filed: December 31, 2008
1. Section 101.021 provides that:


 A governmental unit in the state is liable for:

 

 (1) property damage, personal injury, and death proximately caused by the wrongful
act or omission or the negligence of an employee acting within his scope of
employment if:


 (A) the property damage, personal injury, or death arises from the operation 
or use of a motor-driven vehicle or motor-driven equipment; and


 (B) the employee would be personally liable to the claimant according to 
Texas law; and


 (2) personal injury and death so caused by a condition or use of tangible personal or
real property if the governmental unit would, were it a private person, be liable to the
claimant according to Texas law.


Tex. Civ. Prac. & Rem. Code Ann. § 101.021 (West 2005).
2. We find guidance in Dallas, Garland, & Northeastern Railroad v. Hunt County,
195 S.W.3d 818 (Tex. App.--Dallas 2006, no pet.). In that case, a Hunt County road maintenance
crew used a motor vehicle to repair a county road and in the process negligently left road-base
material on the plaintiff's railroad tracks. Id. at 819. This road-base material later caused a train to
derail, resulting in damage to both the train and the tracks. Id. at 823. Our sister court denied relief
to the railroad on the grounds that by applying the road-base material to the tracks, the motor vehicle
did no more than furnish the dangerous condition that allowed the train to derail and the derailment
was the actual cause of the injuries to the train and the tracks. Id. However, the court specifically
noted that if, while applying the road-base material, the motor vehicle had itself caused damage to
the tracks, there would have been a waiver of sovereign immunity under section 101.021 for those
damages. Id. That is the situation with which we are confronted. Durcon has presented evidence
that the pipes were damaged by the vacuum truck's excavation itself.