

# NUMBER 13-25-00290-CV

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI – EDINBURG

LA VILLA INDEPENDENT SCHOOL
DISTRICT AND SONIA M. LOPEZ,                                         Appellants,

v.

MARLENE HINOJOSA,                                                   Appellee.

## ON APPEAL FROM THE 332ND DISTRICT COURT
## OF HIDALGO COUNTY, TEXAS

## MEMORANDUM OPINION

**Before Chief Justice Tijerina and Justices Cron and Fonseca**
**Memorandum Opinion by Justice Fonseca**

In this accelerated interlocutory appeal, appellants La Villa Independent School District (LVISD) and Sonia M. Lopez contend by four issues that the trial court erred by denying their plea to the jurisdiction seeking dismissal of a suit brought by appellee Marlene Hinojosa. We reverse and render.

## I.  BACKGROUND

LVISD employed Hinojosa as "Dean of Instruction" beginning in 2019. Lopez became a member of LVISD's board of trustees in 2023. Hinojosa alleged in her petition that, after she refused to place Lopez's daughter on the dean's list, "threats of retaliation were communicated to [Hinojosa] by [Lopez's daughter] that [Hinojosa] would be fired." Hinojosa claimed that Lopez, "operating outside of her official responsibilities and in violation of her fiduciary duty to [LVISD] employees," undertook an effort to remove Hinojosa from her position. On April 24, 2023, LVISD's superintendent advised Hinojosa via letter that (1) he would not be recommending her contract for renewal, and (2) the "Dean of Instruction" position "will be recommended for reclassification" and Hinojosa is "welcome to apply for this position." According to Hinojosa's petition, the "Dean of Instruction" position was replaced by an "Instructional Coach" position which had "the same[] or substantially similar duties"; she interviewed for the new position in May but was not hired. She alleged that "[o]n June 30, 2023, [her] [c]ontract expired, and [she] was terminated."

Hinojosa asserted a cause of action against LVISD for "wrongful termination in violation of the Texas Constitution." She also raised causes of action against Lopez for tortious interference with a contract and "breach of [f]iduciary [d]uty as recognized by the Texas Education Agency as a formal duty of [s]chool [b]oard members in their individual capacities." Hinojosa asserted that "[a]ll actions complained-of against [Lopez] were not within the course and scope of her duties and are thus *ultra vires* acts." She sought damages as well as injunctive relief "in the form of reinstatement of her position and removal of any negative information from her employee file." In a first amended petition,

Hinojosa added an allegation that the April 24, 2023 letter "failed to comply with the Texas [E]ducation Code requirements" and therefore "did not have the effect of a nonrenewal letter." She asserted that "[w]ithout a proper nonrenewal letter, [her] contract continued in effect for a minimum of one additional year."

LVISD and Lopez each filed pleas to the jurisdiction on August 7, 2024.[1] After the pleas were filed, Hinojosa filed a second amended petition which added allegations that LVISD "renewed the term contract in writing last on March 20, 2022, for 11 months" and that the "contract automatically renewed for another 11[ ]months" because LVISD gave untimely notice of non-renewal. She also added a cause of action against LVISD for "[b]reach of the written term contract which was automatically renewed [i]n March of 2023." Hinojosa also filed a response to the pleas to the jurisdiction, and appellants filed replies.

After hearing argument on October 30, 2024, the trial court signed orders denying the pleas on May 12, 2025. This appeal followed. *See* TEX. CIV. PRAC. & REM. CODE ANN. § 51.014(a)(8) (authorizing immediate appeal of an interlocutory order denying a plea to the jurisdiction by a governmental unit); *id.* § 101.001(3)(B) (defining "governmental unit" to include a school district); *Tex. Parks & Wildlife Dep't v. E.E. Lowrey Realty, Ltd.*, 235 S.W.3d 692, 694 (Tex. 2007) ("Section 51.014(a)(8) vests appellate courts with

---

[1] In her petitions, Hinojosa did not specify any basis upon which appellants' immunity to suit may have been waived. Similarly, Lopez did not allege in her plea to the jurisdiction that she was immune to suit. Nevertheless, we consider these arguments here because "[s]ubject matter jurisdiction is an issue that may be raised for the first time on appeal." *Tex. Ass'n of Bus. v. Tex. Air Control Bd.*, 852 S.W.2d 440, 445 (Tex. 1993); *see also Tex. Dep't of Transp. v. Self*, 690 S.W.3d 12, 20 (Tex. 2024) (noting that our review of a plea to the jurisdiction is "not limited to the grounds set forth in the governmental unit's plea in the trial court"); *Dall. Metrocare Servs. v. Juarez*, 420 S.W.3d 39, 41 (Tex. 2013) ("[A]n appellate court must consider all of a defendant's immunity arguments, whether the governmental entity raised other jurisdictional arguments in the trial court or none at all.").

jurisdiction to consider an interlocutory appeal of a jurisdictional plea brought by employees of a government unit.").[2]

## II.    PLEA TO THE JURISDICTION

### A.    Standard of Review

"A plea to the jurisdiction is a dilatory plea, the purpose of which is to defeat a cause of action without regard to whether the claims asserted have merit." *Bland Indep. Sch. Dist. v. Blue*, 34 S.W.3d 547, 554 (Tex. 2000). The plea challenges the trial court's subject matter jurisdiction over a pleaded cause of action. *Tex. Dep't of Parks & Wildlife v. Miranda*, 133 S.W.3d 217, 226 (Tex. 2004). Because subject matter jurisdiction is a question of law, we review the trial court's ruling on a plea to the jurisdiction de novo. *Id.*

A plaintiff has the initial burden to plead facts affirmatively demonstrating the trial court's jurisdiction. *Town of Shady Shores v. Swanson*, 590 S.W.3d 544, 550 (Tex. 2019). "When a defendant challenges jurisdiction, a court 'is not required to look solely to the pleadings but may consider evidence and must do so when necessary to resolve the jurisdictional issues raised.'" *Id.* (quoting *Bland Indep. Sch. Dist.*, 34 S.W.3d at 555); *see*

---

[2] Under § 51.014(a)(8), we have jurisdiction over an interlocutory appeal of an order denying a government employee's plea to the jurisdiction only if the employee was sued in their official capacity. *See Tex. A & M Univ. Sys. v. Koseoglu*, 233 S.W.3d 835, 845 (Tex. 2007) ("A person sued in an official capacity should be able to appeal the denial of a jurisdictional plea in the same way as his employing governmental unit because both defendants' interests in pleading sovereign immunity are identical."). In her response to the pleas, Hinojosa claimed that "Lopez's actions were outside the scope of her official duties and serve as the basis for individual liability" because they were *ultra vires* acts. And in her brief on appeal, she claims to have raised causes of action against Lopez "individually." However, suits alleging *ultra vires* conduct by a state official "cannot be brought against the state, which retains immunity, but must be brought against the state actors in their official capacity." *City of El Paso v. Heinrich*, 284 S.W.3d 366, 373 (Tex. 2009). Moreover, Hinojosa does not dispute that we have jurisdiction over the appeal with respect to Lopez. Accordingly, we construe these claims as having been brought against Lopez in her official capacity as a member of LVISD's board of trustees. *See id.* (noting that "[i]n many cases, the complaint will not clearly specify whether officials are sued personally, in their official capacity, or both," and that "the course of proceedings in such cases typically will indicate the nature of the liability sought to be imposed" (internal quotations omitted)).

4

*Jones v. Turner*, 646 S.W.3d 319, 325 (Tex. 2022). This is true even when the jurisdictional issue intertwines with the merits of the case. *Town of Shady Shores*, 590 S.W.3d at 550.

When jurisdictional facts are challenged, our standard of review mirrors that of a summary judgment. *Alamo Heights Indep. Sch. Dist. v. Clark*, 544 S.W.3d 755, 771 (Tex. 2018). We must take as true all evidence favorable to the nonmovant, indulge every reasonable inference and resolve any doubts in the nonmovant's favor, and disregard contrary evidence if a reasonable factfinder could do so. *See id.*; *Miranda*, 133 S.W.3d at 228. If the evidence raises a fact issue regarding jurisdiction, the plea cannot be granted, and a factfinder must resolve the issue. *Miranda*, 133 S.W.3d at 227–28. On the other hand, if the evidence is undisputed or fails to raise a fact issue, the plea must be determined as a matter of law. *Id.* at 228; *Mission Consol. Indep. Sch. Dist. v. Garcia*, 372 S.W.3d 629, 635 (Tex. 2012).

## B.     Sovereign Immunity

The doctrine of sovereign immunity holds that "no state can be sued in her own courts without her consent, and then only in the manner indicated by that consent." *Tooke v. City of Mexia*, 197 S.W.3d 325, 331 (Tex. 2006); *see Nevada v. Hall*, 440 U.S. 410, 414 (1979) ("The immunity of a truly independent sovereign from suit in its own courts has been enjoyed as a matter of absolute right for centuries. Only the sovereign's own consent could qualify the absolute character of that immunity."). Thus, unless sovereign immunity is clearly and unambiguously waived by the legislature, a Texas court lacks subject matter jurisdiction over any lawsuit against a governmental unit such as LVISD. *See El Paso Educ. Initiative, Inc. v. Amex Props., LLC*, 602 S.W.3d 521, 526 (Tex. 2020);

5

*Clark*, 544 S.W.3d at 770; *see also* TEX. GOV'T CODE ANN. § 311.034 ("In order to preserve the legislature's interest in managing state fiscal matters through the appropriations process, a statute shall not be construed as a waiver of sovereign immunity unless the waiver is effected by clear and unambiguous language."). "Sovereign immunity extends to state officials acting in their official capacity." *Wilson v. Cmty. Health Choice Tex., Inc.*, 607 S.W.3d 843, 851 (Tex. App.—Austin 2020, pet. denied).

## C.    Analysis

By their first issue, appellants argue that Hinojosa's claim for tortious interference with a contract fails because she did not establish the existence of a contract subject to interference. By their third issue, they argue that her breach of contract claim fails because "[t]here is absolutely nothing in the record that would indicate that [LVISD] did not fulfill all of its obligations and pay everything to Hinojosa that she was entitled to under [her] contract."[3] We agree on both points.

"A claim for tortious interference with a contract consists of four elements: (1) the existence of a contract subject to interference; (2) willful and intentional interference;

---

[3] As a preliminary matter, appellants argue by an unenumerated issue that the trial court lacked jurisdiction over all of Hinojosa's causes of action because she failed to exhaust administrative remedies. Specifically, appellants contend that there are "no allegations and nothing in the record to establish that Hinojosa appealed her contract dispute up to the Texas Commissioner of Education as required by Texas Education Code [§] 7.057." *See* TEX. EDUC. CODE ANN. § 7.057 (providing generally that "a person may appeal in writing to the commissioner if the person is aggrieved by . . . actions or decisions of any school district board of trustees that violate . . . a provision of a written employment contract between the school district and a school district employee, if a violation causes or would cause monetary harm to the employee"); *see also* TEX. GOV'T CODE ANN. § 311.034 ("Statutory prerequisites to a suit . . . are jurisdictional requirements in all suits against a governmental entity."); *Clint Indep. Sch. Dist. v. Marquez*, 487 S.W.3d 538, 544 (Tex. 2016) (noting that § 7.057 "require[s] a person who chooses to appeal to first seek relief through the administrative process"). Notably, § 7.057 contains a broad exception in that "[a] person is not required to appeal to the commissioner before pursuing a remedy under a law outside of Title 1 or this title to which Title 1 or this title makes reference or with which Title 1 or this title requires compliance." TEX. EDUC. CODE ANN. § 7.057(a-1). We assume but do not decide for purposes of this memorandum opinion that Hinojosa exhausted her administrative remedies.

6

(3) the willful and intentional interference caused damage; and (4) actual damage or loss occurred." *Exxon Mobil Corp. v. Rincones*, 520 S.W.3d 572, 588 (Tex. 2017).[4] The elements of a breach of contract claim are: "(1) the existence of a valid contract; (2) the plaintiff performed or tendered performance as the contract required; (3) the defendant breached the contract by failing to perform or tender performance as the contract required; and (4) the plaintiff sustained damages as a result of the breach." *USAA Tex. Lloyds Co. v. Menchaca*, 545 S.W.3d 479, 501 n.21 (Tex. 2018).[5]

Hinojosa does not assert that her written employment contract—which she concedes "expired" on June 30, 2023—was breached in any way. Instead, her breach of contract and tortious interference claims are entirely dependent on her assertion that a renewed contract was automatically formed under chapter 21 of the Texas Education Code because she was not sent a timely notice of non-renewal.[6]

The record evidence conclusively refutes that assertion. Hinojosa's employment contract was entitled "One Year Term Contract" and states in relevant part:

1. **Position**. The District agrees to employ Marlene A. Hinojosa (you)

---

[4] Appellants note that tortious interference is an intentional tort for which immunity is not waived under the Texas Tort Claims Act (TTCA). *See* TEX. CIV. PRAC. & REM. CODE ANN. § 101.057(2). Hinojosa does not claim immunity was waived by the TTCA; in fact, she cites no authority waiving immunity to the tortious interference claim under any circumstance. Instead, Hinojosa asserts that immunity does not apply to the tortious interference claim because Lopez acted *ultra vires*. We need not address this argument in light of our conclusion that there is no contract subject to interference. *See* TEX. R. APP. P. 47.1.

[5] In her brief on appeal, Hinojosa contends that appellants' immunity to the breach of contract claim was waived under chapter 271 of the Texas Local Government Code. *See* TEX. LOC. GOV'T CODE ANN. § 271.152 (waiving sovereign immunity for certain contract claims against local governmental entities).

[6] Hinojosa observes in her brief that, because appellants' pleas to the jurisdiction were filed prior to her second amended petition, they did not address her breach of contract claim. Citing *Heckman v. Williamson County*, 369 S.W.3d 137, 149–50 (Tex. 2012), she asserts that "[a] plea to the jurisdiction that fails to address the controlling live pleading does not meet its burden and must be denied." We disagree. *Heckman* does not stand for that proposition. Further, as noted above, subject matter jurisdiction may be raised at any time and need not be preserved in the trial court. *See Dall. Metrocare Servs.*, 420 S.W.3d at 41. Accordingly, we review the trial court's jurisdiction over all claims raised in Hinojosa's second amended petition.

as a Noncertified Administrator.

2.     **Term**. You will be employed on a 11-month basis for the 2022–2023 school year(s), according to the hours and dates set by the District as they exist or may hereafter be amended.

. . . .

9.     **Termination of Contract**. This Contract is not governed by the termination and nonrenewal provisions of Texas Education Code chapter 21. This Contract will terminate at the end of the contract term. Additionally, this contract will terminate at any time during the contract term upon a determination by the Board of good cause, financial exigency, or a program change. You may resign during the contract term only with the consent of the Board or designee.

Under § 21.206 of the Texas Education Code, the school board is required to notify "each teacher whose contract is about to expire whether the board proposes to renew or not renew the contract," and if it does not do so within ten days of "the last day of instruction in a school year," the teacher's contract is deemed automatically renewed. TEX. EDUC CODE ANN. § 21.206. But, as made abundantly clear in the contract, Hinojosa was not employed as a "teacher" and her contract was not governed by § 21.206. The trial court thus erred by determining it had jurisdiction over the breach of contract and tortious interference claims.

Appellants' second issue concerns Hinojosa's breach of fiduciary duty claim. The elements required to prove such a claim are: "(1) a fiduciary relationship between the plaintiff and defendant; (2) a breach of the duty by the defendant; and (3) injury to the plaintiff or benefit to the defendant because of the defendant's breach." *Guevara v. Lackner*, 447 S.W.3d 566, 579–80 (Tex. App.—Corpus Christi–Edinburg 2014, pet. denied) (citing *Burrow v. Arce*, 997 S.W.2d 229, 237 (Tex. 1999)). A fiduciary relationship may arise: (1) formally as a matter of law, such as between partners or an attorney and a client; or (2) informally, as a "confidential relationship" or "from a moral, social, domestic,

8

or merely personal relationship where one person trusts in and relies upon another." *Gray v. Sangrey*, 428 S.W.3d 311, 316 (Tex. App.—Texarkana 2014, pet. denied). In her second amended petition, Hinojosa alleged that Lopez's actions were "in violation of her fiduciary duty to [LVISD] employees."[7] Hinojosa has not cited any authority, and we find none, establishing that a school board member has a formal fiduciary relationship with the district's employees, and she has not made any allegations or produced any evidence that an informal fiduciary relationship existed.[8] Accordingly, the trial court erred by concluding it had jurisdiction over the breach of fiduciary duty claim.

Finally, appellants argue by their fourth issue that Hinojosa's constitutional wrongful termination claim fails because, among other reasons, there was no adverse employment decision. Again, we agree. In her second amended petition, Hinojosa alleged that her "termination" was "retaliatory" and "was in response to [her] refusing to place [Lopez]'s daughter on the school's Dean's List."[9] To prevail on a constitutional free-speech retaliation claim, a plaintiff must establish: (1) they suffered an adverse employment decision; (2) their "speech" involved a matter of public concern; (3) their interest in commenting on matters of public concern outweighed their employer's interest

---

[7] Elsewhere in her petition, Hinojosa alleged that Lopez "breached her fiduciary duties to the students and tax[]payers."

[8] In her live petition, Hinojosa referred to the Texas Education Agency's "findings in their May 9th, 2023, Final Report wherein they found La Joya ISD violated its fiduciary duty." Those findings state that board members owe fiduciary duties "to the school district," not the district's employees. *See* TEX. EDUC. AGENCY, *La Joya Indep. Sch. Dist. Special Investigation Final Report* 16 (2023), https://tea.texas.gov/texas-schools/school-boards/school-governance/board-of-managers/special-investigation-final-report-la-joya.pdf (last visited Oct. 1, 2025).

[9] Hinojosa also alleged "it was known" that she "did not support" two other school board members, and that "[i]t was this support of the opposition candidates which caused [LVISD] to act as a body corporate to retaliate against [her] for her protected right to support which ever candidate she chose." Our decision does not address the disconcerting allegations concerning appellants' motives; we simply apply the law to the facts before us without condoning anyone's actions.

9

in promoting efficiency; and (4) their speech motivated the adverse employment decision. *Caleb v. Carranza*, 518 S.W.3d 537, 544 (Tex. App.—Houston [1st Dist.] 2017, no pet.) (citing *Beattie v. Madison Cnty. Sch. Dist.*, 254 F.3d 595, 601 (5th Cir. 2001)); *see* TEX. CONST. art. I, § 8 ("Every person shall be at liberty to speak, write or publish his opinions on any subject, being responsible for the abuse of that privilege; and no law shall ever be passed curtailing the liberty of speech or of the press."); *see also City of Elsa v. M.A.L.*, 226 S.W.3d 390, 392 (Tex. 2007) (concluding that, though "there is no implied private right of action for damages arising under the free speech . . . section[] of the Texas Constitution," "suits for injunctive relief may be maintained against governmental entities to remedy violations" of that section (internal quotation omitted)).

As demonstrated above, the evidence established as a matter of law that Hinojosa was not terminated; instead, her employment contract expired according to its own terms.[10] *See Miranda*, 133 S.W.3d at 228. Accordingly, there was no adverse employment decision, and the trial court erred by concluding it had jurisdiction over Hinojosa's constitutional wrongful termination claim.

### III. CONCLUSION

We sustain appellants' issues. The trial court's judgment is reversed, and we render judgment granting appellants' pleas to the jurisdiction and dismissing all of Hinojosa's claims with prejudice. *See Harris County v. Sykes*, 136 S.W.3d 635, 639 (Tex. 2004) (noting that "[i]f a plaintiff has been provided a reasonable opportunity to amend after a governmental entity files its plea to the jurisdiction, and the plaintiff's amended

---

[10] Hinojosa does not argue that LVISD's failure to hire her for the "Instructional Coach" position violated her free speech rights. Instead, she complains only that she was wrongfully terminated from the "Dean of Instruction" position.

pleading still does not allege facts that would constitute a waiver of immunity, then the trial court should dismiss the plaintiff's action" with prejudice); *Miranda*, 133 S.W.3d at 227.

YSMAEL D. FONSECA
Justice

Delivered and filed on the
23rd day of October, 2025.